UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN BARRY, STATEWIDE ROOFING, INC.,
CELTIC INDUSTRIES INC., 2120 FIFTH
AVENUE HOLDING CO. LLC, and
CURT BARR ENTERPRISES, LLC,

                                                                                                   MEMORANDUM AND ORDER

                        Plaintiffs,                                              CV 13-1420

           -against-                                           (Wexler, J.)

GERALD CURTIN,
PINNACLE RESOURCES, LLC,
CASTELLANO, KORENBERG & CO.,
C.P.A.'S, P.C., FRANK SCALA and
SWAGGER CONSULTING LLC,

                        Defendants.

------------------------------------------------------------X

APPEARANCES:

    SIMONETTI & ASSOCIATES
    BY:    LOUIS F. SIMONETTI, ESQ.
    Attorneys for Plaintiff
    144 Woodbury Road
    Woodbury, New York 11797

    REISMAN PEIREZ REISMAN & CAPOBIANCO LLP
    BY:    JOSEPH CAPOBIANCO, ESQ.
    Attorneys for Defendants Gerald Curtin and Pinnacle Resources, LLC
    1305 Franklin Avenue
    Garden City, New York 11530

    LeCLAIRRYAN, PC
    BY:    MICHAEL J. CASE, ESQ.
               RONALD S. HERZOG, ESQ.
    Attorneys for Defendants Castellano, Korenberg & Co., C.P.A.'s, P.C. and Frank Scala
    885 Third Avenue, Sixteenth Floor
    New York, New York 10022

TRIVELLA & FORTE, LLP
BY:   CHRISTOPHER A. SMITH, ESQ.
        JONATHAN MICHAEL BARDAVID, ESQ.
        ELIZABETH WENDY MONDSCHEIN
Attorneys for Defendant Swagger Consulting LLC
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605

WEXLER, District Judge:

Before the Court is the Defendants' motion to dismiss Plaintiffs' Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1), 9(b) and 12(b)(6). Plaintiffs oppose the motion; however, to the extent Defendants' motion is successful, Plaintiffs seek leave to replead a second time. For the following reasons, Defendants' motion is granted and the Amended Complaint is dismissed, with leave to replead.

BACKGROUND

This action arises out of a business dispute between Plaintiff John Barry ("Barry") and Defendant Gerald Curtin ("Curtin"), who have been engaged in the commercial roofing business since approximately 1983 as partners in the following entities: (1) Statewide Roofing, Inc. ("Statewide"), a commercial roofing business; (2) Celtic Industries, Inc. ("Celtic"), a real estate holding company that manages the warehouse Statewide owns as well as its physical plant and offices; (3) 2120 Fifth Avenue Holding Co. LLC ("2120"), which holds the title to the real property upon which Statewide's physical plant and offices are housed; and (4) Curt Barr Enterprises LLC ("Curt Barr"), an equipment leasing company that provides Statewide with machinery and equipment required in connection with its roofing business (collectively, the

"Corporate Plaintiffs"). (Am. Compl. ¶¶ 11-14, 29.) Defendant Pinnacle Resources, LLC ("Pinnacle") is a corporation owned wholly by Curtin. (Am. Compl. ¶ 7.) Defendant Castellano, Korenberg & Co., C.P.A.'s, P.C. (the "Castellano Firm") is an accounting firm that provides accounting and income tax preparation services to the various Corporate Plaintiffs. (Am. Compl. ¶ 8.) Defendant Frank Scala ("Scala") is a member of the Castellano Firm. (Am. Compl. ¶ 9.) Defendant Swagger Consulting, LLC ("Swagger") is a corporation owned wholly by Defendant Scala. (Am. Compl. ¶ 10.)

Both Statewide and Celtic are governed by the terms of a single "Stockholders' Agreement," executed by Barry and Curtin, which provides that Statewide and Celtic are "closed corporations," by which Barry and Curtin may be the only shareholders, with Curtin owning fifty-one percent (51%) and Barry owning forty-nine percent (49%) of each. (Am. Compl. ¶¶ 30-32.) The Stockholders' Agreement further provides that Barry and Curtin have equal rights in the management, operation, control and business affairs of Statewide and Celtic and places a series of restrictions and directives on both Barry and Curtin. (Am. Compl. ¶¶ 32, 37.) Finally, the Stockholders' Agreement expressly prohibits Barry and Curtin from directly or indirectly competing with Statewide or Celtic. (Am. Compl. ¶ 35.)

Plaintiff 2120 is governed by the terms of an "Operating Agreement," under which Barry and Curtin are the sole members and Curtin is defined as the Managing Member. (Am. Compl. ¶¶ 38-39.) There are no shareholders' or stockholders' agreements for Plaintiff Curt Barr. (Am. Compl. ¶ 40.)

Plaintiffs' Amended Complaint alleges that beginning in approximately 2008, Defendants, acting as an enterprise and without Barry's knowledge or consent, began purposely

diverting the assets of the Corporate Plaintiffs for their own personal use and usurped corporate opportunities belonging to the Corporate Plaintiffs for Curtin. (Am. Compl. ¶¶ 41-42.) Specifically, Plaintiffs allege that Curtin was the "ringleader" of the enterprise who, in concert with the other Defendants, converted the business, goodwill, assets and opportunities of the Corporate Plaintiffs to his own use through mail and wire fraud, using corporate funds to pay for his personal expenses. (Am. Compl. ¶¶ 47-48.) Defendant Pinnacle is alleged to be nothing more than a sham corporation without any real assets or business purpose other than to advance the fraud being perpetrated by Defendants. (Am. Compl. ¶¶ 50-52.) The Castellano Firm and Scala were allegedly aware of the fraud being perpetrated by Pinnacle but nonetheless prepared Pinnacle's financial statements and income tax returns that were filed sin furtherance of the scheme. (Am. Compl. ¶¶ 53-58.) Finally, Defendant Swagger is alleged to have billed Statewide for consulting services that were never provided but were instead another means by which Curtin divested Statewide of funds for his own personal gain. (Am. Compl. ¶¶ 59-60.)

  Plaintiff Barry originally commenced this action as a diversity action solely against Curtin, alleging state law claims for breach of fiduciary duty, common law fraud, unjust enrichment and conversion. After Curtin requested a pre-motion conference in anticipation of making a motion to dismiss on the grounds that diversity jurisdiction was lacking due to Curtin's New York citizenship, Barry amended his Complaint to include the Corporate Plaintiffs and the additional defendants as well as federal claims for violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, <u>et seq.</u> and for a declaratory judgment. The Amended Complaint also includes the original state law claims, as well as claims for aiding and abetting fraud, tortious interference with contract and negligence.

Defendants move to dismiss the Amended Complaint on the following grounds: (1) Barry lacks standing to assert the alleged RICO claims against Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(1); (2) the Amended Complaint fails to state a claim for civil RICO violations, pursuant to Rule 12(b)(6); and (3) the mail, wire and bank fraud allegations are not pled with particularity, as required by Rule 9(b).  Defendants further assert that since all of the federal claims are subject to dismissal, the Court should decline to exercise supplemental jurisdiction over the state law claims and dismiss those as well.

## DISCUSSION

I.   Legal Standard

A district court should dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) where the court "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see also Fed. R. Civ. P. 12(b)(1).  When reviewing a motion to dismiss for lack of jurisdiction, the Court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to Plaintiff[]." Wood v. GMC, No. CV 08-5224, 2010 U.S. Dist. LEXIS 96157, at *9 (E.D.N.Y. Aug. 23, 2010) (quoting J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004)) (additional citation omitted) (alteration in original).  The Court may also "consider evidence outside the pleadings, such as affidavits" when determining whether it has jurisdiction.  Stoothoff v. Apfel, No. 98 Civ. 5724, 1999 U.S. Dist. LEXIS 10459, at *1 n.1 (S.D.N.Y. July 7, 1999) (citing cases).  "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Wood, 2010 U.S. Dist. LEXIS 96157, at *9

Case 2:13-cv-01420-LDW-AKT Document 76 Filed 01/31/14 Page 6 of 10 PageID #: 491

(quoting Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005)).

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint, see Iqbal, 129 S. Ct. at 1949; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007), and to "draw[] all reasonable inferences in the plaintiff's favor." Troni, 2010 U.S. Dist. LEXIS 79670, at *5 (quoting In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007)).

II. Standing

"A party seeking to invoke the jurisdiction of the federal courts bears the burden of establishing that []he has standing." In re ContiFinancial Corp., 336 Fed. Appx. 29, 30 (2d Cir. 2009) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)) (additional citation omitted). "To have standing to bring a civil RICO claim, a plaintiff must show: (1) a violation of substantive RICO, 18 U.S.C. § 1962; (2) injury to 'business or property'; and (3) that the injury was caused by the violation." Infanti v. Scharpf, No. 06 Civ. 6552, 2012 U.S. Dist. LEXIS 19165, at *11 (E.D.N.Y. Feb. 14, 2012) (citations omitted).

Defendants assert that Plaintiff Barry lacks standing to bring the within civil RICO claims

because the wrongs alleged in the Amended Complaint are derivative in nature and can therefore only be brought as part of a derivative action on behalf of the Corporate Plaintiffs. Defendants are correct.

"It is well-settled that shareholders, officers, and employees lack standing to bring a civil RICO claim, in their individual capacities, for injuries to the corporation." Infanti, 2012 U.S. Dist. LEXIS 19165, at *12 (collecting cases); see also Manson v. Stacescu, 11 F.3d 1127, 1131 (2d Cir. 1993) ("A shareholder generally does not have standing to bring an individual action under RICO to redress injuries to the corporation in which he owns stock."). This rule applies to closely held corporations, such as the ones at issue here, as well as large, publicly traded ones. See Solutia Inc. v. FMC Corp., 385 F. Supp. 2d 324, 331 (S.D.N.Y. 2005) (citing Wolf v. Rand, 685 N.Y.S.2d 708, 710 (1st Dep't 1999)).

An exception to this rule is "where the plaintiff's injury is direct," Solutia, 385 F. Supp. 2d at 331 (citing Excimer Assocs. v. LCA Vision, Inc., 292 F.3d 134, 140 (2d Cir. 2002), such as where the defendant "has breached a duty owed to the shareholder independent of any duty owing to the corporation wronged." Abrams v. Donati, 66 N.Y.2d 951, 953 (1985) (citing cases). That duty, however, "must derive from 'circumstances independent of and extrinsic to the corporate entity.'" Solutia, 385 F. Supp. 2d at 331 (quoting Fifty States Mgmt Corp. v. Niagara Permanent Sav. & Loan Ass'n, 396 N.Y.S.2d 925, 927 (4th Dep't 1977)).

Plaintiffs argue that they have standing to maintain a direct action pursuant to the foregoing exception. According to Plaintiffs, the Defendants owed a special fiduciary duty to Barry beyond their duties to the Corporate Plaintiffs and Barry's status as a forty-nine percent shareholder in each of the Corporate Plaintiffs "has resulted in him suffering the unique injury of

the aggregate of the harms suffered by each of the individual [Corporate Plaintiffs]." (Pl. Mem. of Law 5-6.) Tellingly, however, Plaintiffs do not cite any case law to support this argument and request leave to replead if the Court finds that this action should have been more properly brought as a derivative one.

Barry has not suffered any injury separate and distinct from that allegedly suffered by the Corporate Plaintiffs. The crux of this action is that Defendants allegedly looted the Corporate Plaintiffs for their own personal gain. "[A]llegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually." Abrams, 66 N.Y.2d at 953 (citation omitted). This is true even where, like here, the corporation is closely held with only two shareholders and the majority shareholder is alleged to have participated in the wrongdoing. See Manson, 11 F.3d at 1131. "Even though [Curtin] is alleged to have participated in some of the wrongdoing, []he and [Barry] have sustained the same injury with respect to the value of their shares and both would be made whole by a derivative action." Id. (citations omitted).

Based on the foregoing, Plaintiffs do not have standing to maintain a direct action against the Defendants. "The RICO action . . . is a corporate asset" and Barry, as a shareholder, cannot bring the action in his own name. Rand v. Anaconda-Ericsson, Inc., 794 F.2d 843, 849 (2d Cir. 1986). "Under New York law, a shareholder derivative action is an appropriate method for one fifty-percent shareholder to obtain relief in the name of the corporation against the other fifty-percent shareholder." Tuscano v. Tuscano, 403 F. Supp. 2d 214, 222 (E.D.N.Y. 2005) (citing cases).

Accordingly, the Amended Complaint is hereby dismissed, without prejudice.[1] Plaintiffs are granted leave to replead as a derivative action within thirty (30) days.[2] See Abrams, 66 N.Y.2d at 953 ("A complaint the allegations of which confuse a shareholder's derivative and individual rights will, therefore, be dismissed . . . though leave to replead may be granted in an appropriate case.").

## CONCLUSION

For the foregoing reasons, the Amended Complaint is dismissed, without prejudice. Plaintiffs are afforded leave to replead as a derivative action within thirty (30) days.

---

[1] Since Plaintiffs lack standing to assert the federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims and those claims are accordingly dismissed as well. Moreover, because the Court is dismissing the Amended Complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), there is no need to reach the merits of the action under Rule 12(b)(6) or whether the fraud allegations are pled with particularity, as required by Rule 9(b).

[2] The Court notes that although a demand upon the board is typically required in a shareholder derivative case, see Fed. R. Civ. P. 23.1, such a demand would be futile here. The allegations in the within action are that Curtin "orchestrated and committed the challenged conduct." Tuscano, 403 F. Supp. 2d at 223. "With reasonable certainty, it is fair to assume that [Curtin] [will] not . . . agree to initiate a lawsuit accusing himself of wide-ranging wrongdoing, including RICO violations." Id. at 223-24; see also L.W. Kent & Co., Inc. v. Wolf, 533 N.Y.S.2d 119, 121 (holding that where "approval of the board of directors was not formally requested," a demand would have been futile, "[for] it could hardly be expected that if approval of the board of directors were sought, [defendant], who controlled 50% of the board, would have authorized the action against himself"). Accordingly, Barry's failure to make a demand upon the boards of the Corporate Plaintiffs will not preclude a derivative action herein.

**SO ORDERED:**

Dated: Central Islip, New York
       January 31, 2014

                                          /s/
                                          LEONARD D. WEXLER
                                          United States District Judge